PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. (and three other causes).

(District Court, S. D. New York. December 27, 1912.)

Equity 2—9, 2—33, 2—149, 3—37.

1. EQUITY (§ 401*)—REFERENCE TO MASTER—ISSUES ARISING ON PLEADINGS.
   Issues arising on pleadings should be disposed of by the court in the first instance, especially where a reference would necessarily result in great delay.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 869–873; Dec. Dig. § 401.*]

2. CORPORATIONS (§ 565*)—TIME FOR FILING CLAIMS.
   Where the court has fixed the time for filing claims against an insolvent corporation or its receivers, the question of allowing claims to be filed out of time should be dealt with separately in respect to each claim.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2281, 2282; Dec. Dig. § 565.*]

In Equity. Suit by the Pennsylvania Steel Company and another against the New York City Railway Company and another, with three other causes. On motion to consolidate and refer to special master. Overruled.

See, also, 201 Fed. 418.

Matthew C. Fleming, of New York City, for City receiver.

Arthur H. Masten and Wm. M. Chadbourne, of New York City, for Metropolitan receiver.

James Byrne, of New York City, for Pennsylvania Steel Co.

Brainard Tolles, of New York City, for Guaranty Trust Co.

Bronson Winthrop, of New York City, for Farmers' Loan & T. Co.

Richard R. Rogers, of New York City, for N. Y. Railways Co.

Benj. S. Catchings, of New York City, for Tort Creditors.

LACOMBE, Circuit Judge. [1] It will no doubt be advantageous for many reasons to consolidate these four suits, but I think that had best be postponed until the undecided issues in each suit are disposed of. These it is understood arise mainly, if not altogether, upon the demurrers and answers to the various cross-bills. The suggestion that these be sent to the special master is distinctly disapproved. With the large number of proceedings now pending before him, such a course would necessarily result in great delay, which it is most important to avoid. All issues arising upon the pleadings should be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tried in the first instance by the court, and a special session may be arranged for—at which these issues may be taken up. They seem to be fully set forth in the petition, and are as follows:

(1) In equity suit 2—9 issues raised by demurrer and answers to cross-bill filed July 30, 1908, by contract creditors committee.

(2) In the same suit issues raised by answers to a cross-bill of the tort creditors committee filed September 23, 1908.

(3) In equity suit 2—33 issues arising upon demurrer and answers to a cross-bill filed by the contract creditors committee on July 30, 1908.

(4) In equity suit 2—149 issues arising upon answers to a cross-bill of the tort creditors committee filed September 23, 1908.

(5) In the same suit issues arising upon answers to an amended cross-bill of the Pennsylvania Steel Company filed March 9, 1909.

(6) In the same suit issues arising upon answers to a cross-bill of the contract creditors committee filed June 29, 1908.

(7) In the same suit issues arising upon answers to a cross-bill filed by the Morton Trust Company March 13, 1909.

(8) In the same suit, some of the issues arising upon the amended and supplemental bill as between complainant and certain defendants have not been tried.

(9) In equity suit 3—37 issues arising upon answers to a cross-bill filed by Guaranty Trust Company on August 18, 1908.

(10) In the same suit issues arising upon answers to a cross-bill filed by the tort creditors committee on September 23, 1908.

(11) In the same suit issues arising upon demurrer and answers to a cross-bill filed by the contract creditors committee on December 17, 1908, and joined in by the Pennsylvania Steel Company on January 16, 1909.

This enumeration may not prove as formidable as it looks. The Pennsylvania Steel Company, the contract creditors committee, and the tort creditors committee have begun, or are about to begin, proceedings to secure, if possible, a finding that they are entitled to preference in payment out of some particular fund or funds in the possession of the receiver of New York City Railway. If they should prevail in these proceedings, they have no further interest in the cross-bills referred to in items 1, 2, 3, 4, 5, 6, 10, and 11. In that event these items may be disposed of by withdrawal or dismissal of the cross-bills, or otherwise without trying the issues presented thereby. There is no apparent reason why these proceedings should not be progressed to a final disposition promptly. Therefore the trial of the issues enumerated in these items may be postponed until those arising in items 7, 8, and 9 are tried and disposed of. It is thought that much of the testimony pertinent to these three items has already been taken. Counsel know better than the court does what time will be required for taking additional testimony and hearing arguments. If they will advise the court how long a session will be required from 10:30 to 4:30 each day, the court will fix some time convenient to all, when it will sit until the issues in these three items are heard and submitted. After they are disposed of, we can determine what is the next step to take in order to hasten final disposition. The proposition to consoli-

date will be held in abeyance until all these pending separate issues are disposed of.

[2] It is also asked that all bills or cross-bills filed in any one of the above-mentioned four suits be taken as claims filed as of the date when such bills or cross-bills were filed. The court is averse to disposing of these questions as to filing claims en bloc. Each claim is separate and individual, and the question whether equitable considerations should induce the court to allow any particular claim to be filed as of some different date from that on which other claims have been allowed to be filed should be separately presented.

All other matters presented in this petition and not now disposed of may be brought up, without further papers on notice, as soon as we have disposed of the untried issues.